UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JEFFERSON PARISH HOSPITAL SERVICES     CIVIL ACTION
DISTRICT NO. 2, ETC.

VERSUS     NO. 08-1586

HALLIBURTON ENERGY SERVICES,     SECTION "C" (4)
INC., ET AL

ORDER AND REASONS

This matter comes before the Court on the issue of its subject matter jurisdiction in this removed action. Having considered the record, the memoranda of counsel and the law, the Court has determined that the defendant has not shown that subject matter jurisdiction exists and that remand is appropriate for the following reasons.

The parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).

It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

The plaintiff in this matter brought suit in state court seeking recovery under the Louisiana Open Accounts Law, La.Rev.Stat. § 9:2781 of $6,947.62 for medical services rendered to Quintin Brown ("Brown") after Ace Property and Casualty Insurance Company ("Ace"), for itself and on behalf of its insured, Halliburton Energy Services, Inc. ("Halliburton"), confirmed the benefits and authorized the services.  According to the Notice of Removal filed by the defendants, Brown was treated by the plaintiff for injuries allegedly sustained by Brown while he was working on the outer Continental Shelf.  Removal by Halliburton and Ace was based on federal question jurisdiction under the Outer Continental Shelf Lands Act, 43 U.S.C. § 1349(b)(1).

The plaintiff challenges subject matter jurisdiction because it is not seeking any deriviative benefit under the OCSLA or Longshore and Harbor Workers Compensation

Act, 33 U.S.C. § 901, *et seq.* ("LHWCA"), but is suing under state law "in plaintiff's independent status as a third-party healthcare provider."  (Rec. Doc. 8, p. 3).   It relies on similar arguments made in ERISA cases against preemption.  <u>Memorial Hospital v. Northbrook Life Insurance Co.</u>, 904 F.2d 236 (5th Cir. 1990).

     Counsel for the defendants admit that he "has been unable to finds any analogous case law discussing this type of claim by a health care provider," but that since the LHWCA applies to Halliburton's obligations to Brown for his injuries, "the health care provider's exclusive remedy against employer and carrier is provided by the LHWCA.  33 U.S.C. § 905(a)"   (Rec. Doc. 9, p. 5).   The Court's reading of Section 905(a) fails to reveal support for this argument.  The defendants also argue that <u>Demette v. Falcon Drilling Co.</u>, supports subject matter jurisdiction.  The Court's reading of that case supports the uncontroversial proposition that the relationship between the employer *defendants* and employee *Brown* is governed by the OCSLA and LWHCA because of where the injury occurred.  It does not, however, determine the relationship between the defendants and the third parties.   The plaintiff provided medical care in Jefferson Parish, not on the Outer Continental Shelf.

     The Court finds that the defendants have not met their burden of establishing subject matter jurisdiction.  In addition, the Court is mindful that removal jurisdiction is

strictly construed.  See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter be and hereby is REMANDED to the First Parish Court of Jefferson Parish, State of Louisiana, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 2nd day of June, 2008.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE